# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| KASEE MCLAUGHLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:17-03386-CV-RK |
| | ) | |
| | ) | |
| NANCY A. BERRYHILL, ACTING | ) | |
| COMMISSIONER OF SSA; | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **REMANDED.**

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v.*

*Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

**Discussion**

By way of overview, the ALJ determined Plaintiff suffers from the following severe impairments: learning disability and depression (situational). The ALJ also determined that Plaintiff's historic complaints of lower extremity weakness and historic diagnosis of MRSA are non-severe. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations: Plaintiff can understand, remember, and carry out simple instructions and non-detailed tasks, further defined as SPV2 work; Plaintiff can perform work at a normal pace of an average worker; and Plaintiff cannot perform work where there are hourly quotas. Although the ALJ found that Plaintiff was unable to perform any past relevant work, the ALJ determined that Plaintiff was not disabled, and that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

On appeal, Plaintiff argues the ALJ's RFC determination is improper because the ALJ failed to include Dr. Whetstone's opined moderate limitations in the RFC, and the ALJ filed to provide any reason or indication for discounting these limitations. Dr. Whetstone opined that Plaintiff would have moderate limitations in the following areas: understanding and memory as to her ability to remember short and simple instructions; social interactions; and adaptation to changes in the work environment.[1] The ALJ's RFC addresses Dr. Whetstone's limitation that Plaintiff would have moderate difficulty in her ability to understand, remember, and carry out simple instructions. However, the ALJ did not incorporate Dr. Whetstone's remaining moderate limitations into the RFC or provide reasons for discounting them. *See Richardson v. Colvin*, 2017 WL 6420283, at *7 (W.D. Mo. Dec. 12, 2017) (remand was warranted when the ALJ failed to include a doctor's opined limitations in the RFC or explain their omission); *Trotter v. Colvin*, 2015 WL 5785548, at * 4 (W.D. Mo. Oct. 2, 2015) (remand was required because the ALJ gave the

---

[1] Dr. Whetstone performed a neuropsychological examination of Plaintiff in September 2014. Dr. Whetstone also submitted a mental medical source statement concerning Plaintiff on August 12, 2016.

doctor's opinion weight but did not provide any explanation for omitting portions of the doctor's opinion).

On remand, the ALJ should reevaluate Dr. Whetstone's opined moderate limitations. If the ALJ determines that Dr. Whetstone's opined moderate limitations should be disregarded, the ALJ should provide specific, reasoned explanations for that decision.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole is insufficient to support the ALJ's decision. Accordingly, the decision of the Commissioner is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: March 11, 2019